[No. 22963. Department One. May 8, 1931.]

YAKIMA FRUIT GROWERS ASSOCIATION, *Appellant*, v. GEORGE B. COLE *et al.*, *Respondents*.[1]

*Richards, Gilbert & Conklin,* for appellant.

*M. M. Moulton* and *Charles L. Powell,* for respondent Mauch.

*George B. Cole* and *John Wesley Dolby,* for respondent Cole *et al.*

[1]Reported in 298 Pac. 707.

MITCHELL, J.—This is an action in which the Yakima Fruit Growers Association, as plaintiff, brought into the superior court a certain amount of money as belonging to the defendants for distribution according to their several rights. Upon issues made by the parties, the case was tried without a jury, and the decision was against the plaintiff, to the effect that it owed defendants George B. Cole and John Wesley Dolby and Barney Mauch an amount stated in excess of that brought into court. The plaintiff has appealed.

A preponderance of the evidence and the court's findings show the essential facts in the case to be substantially as follows: George B. Cole and John Wesley Dolby owned a small tract of land, known as the Henacre ranch, in Benton county. It was leased by them for the year 1927, by a written agreement, to one F. A. Beeler. A portion of the property was an orchard, and it was understood between the owners and Beeler that the latter would sublet the orchard to Barney Mauch. It was so sublet and delivered to Mauch, who continued in possession during the term of the original lease. The original lease reserved as rental one-half of the proceeds from the sale of all fruit grown in the orchard. The sublease, while made in the name of Beeler, was intended, as all the parties knew, for the benefit of the owners of the land, and provided that the subtenant, Mauch, should have the other half of the crop of fruit.

Mauch, with the consent of the owners, desired that the fruit should be marketed through the Yakima Fruit Growers Association, and, for that purpose, sought to enter into its usual growers marketing contract, and had such an instrument prepared in the name of Cole and Dolby and Mauch as first parties and the association as the second party. The appellant had actual knowledge of the ownership of the

ranch by Cole and Dolby, and of the circumstances under which the property had been leased to Beeler and the orchard sublet by him to Mauch. Appellant refused to sign the growers marketing contract proposed containing the names of the owners of the land, and had those names stricken from the instrument and, instead thereof, had the name of Beeler inserted without the knowledge of Cole and Dolby. The appellant knew that Beeler had no interest in the fruit, and that he acted for the owners in subletting the orchard to Mauch.

It appears that, at the same time the marketing agreement of Beeler and Mauch with the appellant was entered into, another one of the same kind was entered into with the appellant by Beeler and one Achziger for the fruit grown on another orchard in that community. This latter orchard, it seems, was unprofitable. The contract signed by Beeler and Mauch provided, among other things, that it was to secure all indebtedness then or thereafter owing from them to the association. Because the loss on the Beeler and Achziger orchard was an indebtedness of Beeler, the appellant charged certain of that indebtedness against the Beeler and Mauch account, or treated both accounts with reference to the two orchards as one, on account of Beeler having signed both contracts, hence the amount deposited in court by the appellant as the balance due on the Beeler and Mauch orchard account was less than it should have been.

With reference to the provision in the Beeler and Mauch contract to the effect that it was to secure all indebtedness then or thereafter owing from them, it may be said that, in our opinion, that language or obligation must be construed with reference to the fact that it was contained in a contract between the growers and their marketing agent, and was understood and

intended by all the parties to apply only to the transactions with reference to the property described in the contract.

Appellant's first contention is that Beeler and Mauch, as tenants in possession of the crop on the Cole and Dolby ranch, had the right to dispose of or mortgage the crop. Beeler had no interest in that crop, as the appellant well knew. He had no authority, as the appellant knew, to pledge the crop or any part of it, to pay for losses on the other orchard. As to any claim of the right of Beeler as one in possession as tenant, or otherwise, to dispose of or pledge the crop on the Cole and Dolby place, the appellant knew, as the proof and findings show, that after Beeler sublet the orchard he never was in possession in any way of it or the fruit grown on it. Nor did Mauch by his contract agree to pay Beeler's loss on the other orchard.

The appellant further contends that Cole and Dolby are estopped, because of their knowledge of the Beeler and Mauch contract, from denying the right of appellant to collect on account of Beeler's loss on the other orchard, and that the right Cole and Dolby otherwise would have, being a landlord's lien for rent, has been lost to them because they failed to file a landlord's notice of claim of lien, as provided by statute. But, in what way has the appellant been injured? Its claim of right grows out of the promise of one who, as appellant knew, had no interest in the subject matter of the contract. As stated, the evidence abundantly shows, and the court found, that the appellant knew all the time that Beeler had no actual interest by way of possession, or otherwise, in the orchard after he sublet it to Mauch. It also clearly appears that, including the payment of the judgment entered, the appellant will be entirely even for all of its costs,

charges, advancements and material furnished on account of its contract with the growers of the crop in this orchard.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.